IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CAPITOL RECORDS, INC.**, a Delaware corporation; **ARISTA RECORDS LLC**, a Delaware limited liability company; **ATLANTIC RECORDING CORPORATION**, a Delaware corporation; **BMG MUSIC**, a New York general partnership; **INTERSCOPE RECORDS**, a California general partnership; **LAFACE RECORDS LLC**, a Delaware limited liability company; **MAVERICK RECORDING COMPANY**, a California joint venture; **PRIORITY RECORDS LLC**, a California limited liability company, **SONY BMG MUSIC ENTERTAINMENT**, a Delaware general partnership; **UMG RECORDINGS, INC.**, a Delaware corporation; **VIRGIN RECORDS AMERICA, INC.**, a California corporation; **WARNER BROS. RECORDS INC.**, a Delaware corporation; **ZOMBA RECORDING LLC**, a Delaware limited liability company; and **LAVA RECORDS LLC**, a Delaware limited liability company,<br><br>      **Plaintiffs,**<br><br>vs.<br><br>**DOES 1 - 16**,<br><br>      **Defendants.** | 8:07CV3278<br><br>ORDER<br>GRANTING EX PARTE<br>MOTION FOR LEAVE TO<br>TAKE IMMEDIATE DISCOVERY |

    This matter is before the court on plaintiffs' *ex parte* motion for leave to take immediate discovery. The court has allowed similar relief in related cases, e.g., *BMG Music, et al. v. Doe*, 8:05CV244, *Atlantic Recording Corp., et al. v. Does 1-5*, 4:07CV3097, and *Arista Records, et al. v. Does 1-18*, 4:07CV3202). Upon review of the plaintiff's written submissions (Filings 3 & 4), the court finds that plaintiffs' motion should be granted.

    **IT IS ORDERED** that plaintiffs' ex parte motion for leave to take immediate discovery [3] is granted, as follows:

    1.    Plaintiffs may serve immediate discovery on University of Nebraska-Lincoln ("UNL") to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The subpoena may also seek all documents and electronically-stored information relating to the

assignment of any IP address which UNL cannot link to a specific Doe Defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

2. Any information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall serve their Rule 45 subpoena no later than January 31, 2008.

**DATED December 27, 2007.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**